CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Mohammed Azimi, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:25-cv-00024 |
| ) | |
| Palma Pustilnik, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Mohammed Azimi, proceeding *pro se*, alleges that Defendant Palma Pustilnik committed various forms of misconduct when representing the mother of Azimi's children in a child custody dispute in Virginia state court. This matter is before the court on Azimi's application for leave to proceed *in forma pauperis* (Dkts. 2, 3). The court will grant the application and *sua sponte* dismiss Azimi's complaint under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

### I.   Background[1]

Azimi, who resides in Charlottesville, Virginia, is currently a party to a child custody dispute in the Juvenile and Domestic Relations ("JDR") Court for Albemarle County, Virginia.[2]  (*See* Compl. ¶¶ 1, 5, 7 (Dkt. 1).)  Pustilnik is an attorney with the Central Virginia

---

[1] The facts alleged in Azimi's complaint and supporting exhibits are accepted as true when evaluating whether the complaint states a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

[2] Azimi has filed a separate lawsuit in this court challenging various state officials' conduct during the same child-custody proceedings. *See Azimi v. Bunch et al.*, No. 3:25-cv-00020 (W.D. Va. filed Apr. 15, 2025).

Legal Aid Society who has represented the children's mother in the custody proceedings. (*See id.* ¶¶ 6–8.) Azimi claims that Pustilnik has engaged in several forms of misconduct during those proceedings. He alleges that she made a "limited appearance" in the JDR court without a signed notice of appearance or retention agreement; represented the mother's interests and influenced the litigation "[d]espite lacking legal standing"; and authored or influenced a state court to issue a divorce decree in March 2025 that ordered Azimi "to perform a religious Islamic divorce ritual." (*Id.* at 2–4; *see* Compl. Ex. 3 (Dkt. 1-1 at 5); Compl. Ex. 5 (Dkt. 1-1 at 7).) The children's mother filed a child custody petition in a New York court, and Azimi also claims that Pustilnik helped conceal the mother's whereabouts to establish New York courts' jurisdiction over the custody dispute. (Compl. at 3.) Both the Virginia and New York courts ultimately determined that Virginia was the children's home state, and the New York court dismissed the mother's petition for lack of jurisdiction. (*Id.* at 3; *see* Compl. Ex. 6 (Dkt. 1-1 at 8).)

Around August 2024, Azimi filed a complaint against Pustilnik with the Virginia State Bar. (Compl. at 3–4; *see* Compl. Ex. 8 (Dkt. 1-1 at 10).) The Virginia State Bar declined to take action on the complaint, explaining that adverse parties in litigation naturally have conflicting goals and positions and that Azimi's disagreement with Pustilnik's positions or tactics "d[id] not mean that [she] has acted unethically." (Compl. Ex. 8 (Dkt. 1-1 at 10).)

Azimi sued Pustilnik in this court on April 21, 2025. (*See* Compl.) His complaint alleges several different causes of action. Count 1 alleges a claim under 42 U.S.C. § 1983 for violations of his procedural and substantive due process rights. (*Id.* at 4.) Count 2 alleges a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3). (*Id.*) Count 3 alleges violations

of the First Amendment's Free Exercise and Establishment Clauses. (*Id.*) Count 4 alleges gender discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. (*Id.*) Count 5 alleges a "Brady Violation and Custody Fraud." (*Id.* at 5.) Counts 6 and 7 allege claims for tortious interference with parental rights and intentional infliction of emotional distress under Virginia common law. (*Id.*) Count 8 seeks a declaratory judgment that Pustilnik acted under color of law in the state-court proceedings "given her use of state infrastructure, court access, and prosecutorial coordination." (*Id.*) Count 9 seeks an emergency injunction prohibiting Pustilnik from playing any role in an upcoming custody hearing in the state court, and, lastly, Count 10 requests a protective order barring the state JDR court or court officers from retaliating against Azimi for filing his lawsuit in this court. (*Id.*)

## II.     Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time if the court determines that [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The standards for reviewing a complaint under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when it

"pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). That said, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### III. Analysis

Azimi's complaint fails to state any plausible claim for relief under federal law. First, his allegations do not support a finding that Pustilnik acted "under color of state law," which is a necessary element of a § 1983 claim alleging a deprivation of federal rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court and Fourth Circuit have held that attorneys—whether privately retained or court-appointed—do not act under color of state law within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 (1981) (holding that a public defender representing a criminal defendant in state court did not act under color of state law); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (holding that a private attorney retained to represent a criminal defendant did not act under color of state law). As a private attorney

representing the opposing party in child-custody proceedings, Pustilnik did not act under color of state law, regardless of whether she was formally retained by the children's mother. *See Samson v. Tyler*, No. JKB-22-1200, 2022 WL 3106950, at *2 (D. Md. Aug. 3, 2022) (holding that an attorney for the opposing party in state child custody proceedings did not act under color of state law for § 1983 purposes). Azimi therefore cannot maintain a § 1983 claim against Pustilnik.

Azimi does not invoke § 1983 as the basis for his causes of action under the Equal Protection Clause or First Amendment, but state action is also a prerequisite to those claims. *See, e.g.*, *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 159 (D. Md. Jan. 29, 2024) (collecting cases). Because there is no plausible indication that Pustilnik engaged in any state action by representing the children's mother, those claims also fail as a matter of law. *See United States v. Price*, 383 U.S. 787, 794 n.7 (1966) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."). The lack of state action also requires dismissal of Azimi's claim alleging a *Brady* violation, which arises under the Due Process Clause. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Azimi's complaint also fails to state a civil-rights conspiracy claim under § 1985(3). Section 1985(3) makes it unlawful to conspire "for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Unlike a § 1983 claim, a § 1985(3) claim does not require state action. *See Sines v. Kessler*, 324 F. Supp. 3d 765, 780 (W.D. Va. 2018) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). A § 1985(3) claim requires proof of "(1) a conspiracy of two or more

persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Here, Azimi alleges, without any further support, that Pustilnik coordinated with the children's mother to conceal the mother's whereabouts and conspired with prosecutors, clerks, and judges to deprive him of his rights to "parental access, due process, and legal redress." (Compl. at 4.) Those conclusory allegations are far too threadbare to state a plausible claim for relief under § 1985(3).

Because Azimi's federal claims are all subject to dismissal, the court will exercise its discretion to decline supplemental jurisdiction over his state-law claims for "custody fraud," tortious interference with parental rights, and intentional infliction of emotional distress.[3] A district court has "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (quoting *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)). In deciding whether to exercise supplemental jurisdiction over a state-law claim in this scenario, the court weighs multiple factors, including "judicial economy, convenience, fairness, and comity." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "[G]enerally, when a district court dismisses all federal claims in the early stages of litigation . . . it should decline to

---

[3] Based on the allegations in the complaint, both Azimi and Pustilnik are citizens of Virginia, (Compl. ¶¶ 5–6), so the court cannot exercise diversity jurisdiction over Azimi's state-law claims. *See* 28 U.S.C. § 1332(a)(1).

exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Id.* (citation omitted).  Here, the court concludes that the relevant factors support dismissal, as Virginia state courts are best-suited to hear Azimi's state-law claims challenging the conduct of an attorney in the state child-custody litigation.

As Azimi's legal claims all fail as a matter of law, he is not entitled to the emergency injunctive relief he seeks in Count 9.  *See Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (explaining that a plaintiff seeking a preliminary injunction must "make a clear showing" that he is likely to succeed on the merits of his claims).  Finally, Azimi is not entitled to the protective order, which he seeks against non-defendants, in Count 10.

## IV.   Conclusion

Azimi's application for leave to proceed *in forma pauperis* (Dkts. 2, 3) will be **GRANTED**.  For the reasons stated above, Azimi's complaint will be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will issue.

ENTERED this __24th__ day of April, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE