CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
July 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Mohammed Azimi, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 3:25-cv-00024 |
| Palma Pustilnik, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Mohammed Azimi's motion for leave to file an amended complaint following judgment (Dkt. 7). For the reasons discussed below, the court will grant the motion, which it construes as requesting both leave to amend and to alter or amend this court's April 24, 2025 judgment dismissing the case without prejudice.[1]

### I.     Background

Azimi, proceeding *pro se*, filed his original complaint and an application for leave to proceed *in forma pauperis* on April 21, 2025. The complaint alleged that Defendant Palma Pustilnik, an attorney, violated federal and state law when representing Azimi's ex-wife in child custody proceedings. It asserted claims under 42 U.S.C. § 1983 for violations of the United

---

[1] Azimi has also filed a "request for temporary protective relief" (Dkt. 8). He claims that officials in the Albemarle County Juvenile and Domestic Relations Court have and may continue to retaliate against him for filing this federal lawsuit, and he asks the court to enjoin any retaliatory decisions affecting his custody of his children or his parental rights. (*Id.*) The court will deny that request. Azimi has not made a sufficient showing that he is entitled to temporary injunctive relief under Federal Rule of Civil Procedure 65 or that this court has the authority to enjoin any action by the state court. *See, e.g.*, *In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) (per curiam) ("Federal courts have no general power to compel action by state courts."); *Wright v. Select Bank*, No. 5:25-cv-00021, 2025 WL 837354, at *3 (W.D. Va. Mar. 17, 2025) (outlining the statutory limits on a federal district court's authority to enjoin state-court proceedings).

States Constitution, a civil-rights conspiracy claim under 42 U.S.C. § 1985(3), and tort claims under Virginia common law. (*See* Dkt. 1.)

On April 24, 2025, this court granted Azimi's application to proceed *in forma pauperis* and dismissed his complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. The court first held that Azimi's constitutional claims all failed as a matter of law because he had not plausibly alleged that Pustilnik, a private attorney, acted "under color of state law." (Dkt. 5 at 4 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).) The court next concluded that Azimi had not alleged any facts to support a conspiracy claim under § 1985(3). (*Id.* at 5–6.) Finally, the court declined to exercise supplemental jurisdiction over Azimi's state-law claims after weighing the factors relevant to that determination. (*Id.* at 6–7.) The court did not grant Azimi leave to amend, so its April 24, 2025 order was a final appealable judgment. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc).

On May 1, 2025, Azimi filed a motion for leave to amend his complaint. (Mot. for Leave to File Am. Compl. (Dkt. 7).) He attached a proposed 49-page amended complaint that adds numerous factual allegations and asserts a total of twelve causes of action. (Dkt. 7-1.) Pustilnik has not yet received service.

## II.    Standard of Review

"When an action has been dismissed with a final judgment, there is no pending complaint to amend." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024) (internal quotation marks omitted). Thus, "a motion to amend filed *after* a judgment of dismissal has been entered cannot be considered until the judgment is vacated" under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.* (quoting *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d

536, 539 (4th Cir. 2013)); *see Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). When a plaintiff moves to alter or amend a judgment under Rule 59(e), "the broad standard for allowing a court to grant the [Rule 59(e)] motion allows the court simply to turn to the standard applicable to the motion to amend." *Daulatzai*, 97 F.4th at 178–79. In that case, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Under Federal Rule of Civil Procedure 15(a), a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). It should deny leave to amend "*only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.*" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment may be denied as futile when it "fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted).

Finally, the court must liberally construe pleadings filed by a *pro se* party like Azimi. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). That said, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants,

must comply with the pleading requirements in the Federal Rules of Civil Procedure. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### III.   Analysis

As noted above, this court cannot grant Azimi leave to amend his complaint unless it first vacates the April 24, 2025 judgment dismissing this action without prejudice. *See Daulatzai*, 97 F.4th at 177. Azimi has not filed a separate motion to alter, amend, or set aside the court's judgment under Rule 59(e) or Rule 60(b). It appears that he did not move for post-judgment relief because he believed the court's prior order was not a final judgment. (*See* Mot. for Leave to File Am. Compl. at 2.)

Nevertheless, applying the liberal construction rules for *pro se* filings, the court will construe Azimi's motion for leave to amend to also request relief under Rule 59(e). *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (construing a *pro se* plaintiff's post-judgment motion for leave to amend to include a request to set aside judgment under Rule 60(b)); *Baraya v. Baraya*, No. 3:21-cv-00640, 2022 WL 20438186, at *2 (W.D.N.C. Apr. 14, 2022) (construing a *pro se* plaintiff's post-judgment motion for leave to amend to include a request for relief under Rule 59(e)). The motion acknowledges the court's April 24, 2025 order dismissing the original complaint without prejudice and requests leave to address the pleading deficiencies the court identified. (*See* Mot. for Leave to File Am. Compl. at 1.) Azimi filed the motion within 28 days of the court's April 24, 2025 order, before the deadline for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e). And because the standard for reviewing a Rule 59(e) motion merges with the standard for reviewing Azimi's motion for leave to amend, *see*

*Daulatzai*, 97 F.4th at 178–79, requiring him to file a separate, properly labeled Rule 59(e) motion would serve no purpose here.

After reviewing Azimi's motion and proposed amended complaint, the court will vacate its April 24, 2025 judgment and grant Azimi leave to file the amended complaint. Azimi's original six-page complaint, which the court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), alleged almost no non-conclusory facts to support his legal claims. His proposed amended complaint includes far more content. It spans 49 pages, includes substantial factual allegations, and outlines each cause of action in greater detail. Given the extensive amendments Azimi has proposed, the interests of justice are best served by allowing Pustilnik to receive service and respond to the allegations in the amended complaint. The court emphasizes that this decision does not address the sufficiency of the allegations in the amended complaint. Because Azimi is proceeding *in forma pauperis*, the court may dismiss the case "at any time" if it later determines that the amended complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Conclusion and Order

For the reasons stated above, Azimi's motion for leave to file an amended complaint, also construed as a motion to alter or amend judgment under Rule 59(e), (Dkt. 7), is **GRANTED**. The court's April 24, 2025 judgment is **VACATED**. Azimi's "request for temporary protective relief" (Dkt. 8) is **DENIED**.

The Clerk is directed to file the amended complaint. Azimi is directed to complete and return to the court a summons and USM-285 form for Pustilnik. Upon receipt of the completed summons and USM-285 form, the Clerk shall issue a summons. If the completed

summons and USM-285 form are not submitted as directed within **fourteen (14) days**, this action may be dismissed. The United States Marshal is ordered to serve the summons with a copy of the amended complaint and this Memorandum Opinion and Order on Pustilnik. The United States will advance the costs of service.

    **ENTERED** this 7th__ day of July, 2025.

*[signature]*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE