CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 19, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

Mohammed Azimi,

Plaintiff,

v.

Palma Pustilnik,

Defendant.

Civil Action No. 3:25-cv-00024

**MEMORANDUM OPINION**

This matter is before the court on *pro se* Plaintiff Mohammed Azimi's motion to alter or amend judgment under Rule 59(e), (Dkts. 35, 39), and his motion for leave to file a second amended complaint, (Dkt. 39). For the reasons set forth below, the court will deny Azimi's motions.

## I. Background[1]

The court assumes familiarity with the facts of the case, which are discussed in detail in the court's two previous memorandum opinions. (Apr. 24, 2025 Mem. Op. at 1–3 (Dkt. 5); Mar. 24, 2026 Mem. Op. at 1–4 (Dkt. 33).) At bottom, Azimi alleges that Defendant Palma Pustilnik committed various forms of misconduct when representing the mother of Azimi's children in a child custody dispute in Virginia state court. Azimi originally filed this action against Pustilnik on April 21, 2025. (Compl. (Dkt. 1).) After the court dismissed his complaint for failure to state a claim, (Apr. 24, 2025 Mem. Op. at 1), the court granted Azimi's motion

[1] The facts alleged in Azimi's amended complaint and supporting exhibits are accepted as true when evaluating whether the complaint states a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

to vacate the previous judgment and amend his complaint, (Mem. Op. and Order Granting Pl.'s Mot. to Amend at 6 (Dkt. 9)). Azimi filed an amended complaint on July 7, 2025, (Am. Compl. (Dkt. 10)), and supplemental exhibits in late August 2025, (Dkt. 19). The amended complaint alleged violations of Azimi's constitutional rights, a conspiracy to deprive him of his civil rights, and various claims under Virginia law. (*See* Am. Compl. ¶¶ 38–110.)

On March 24, 2026, the court dismissed Azimi's amended complaint without prejudice. The court found that Azimi did not plausibly allege that Pustilnik acted under color of state law for his claims under 42 U.S.C. § 1983, nor did he plausibly allege a meeting of the minds or discriminatory animus for his conspiracy claim under 42 U.S.C. § 1985(3). (Mar. 24, 2026 Mem. Op. at 6–11.) The court then exercised its discretion to decline supplemental jurisdiction over Azimi's remaining state-law claims. (*Id.* at 11–12.)

Azimi filed the present motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) on March 31, 2026, alleging various grounds of clear error and in the alternative, requesting leave to file a second amended complaint. (Dkt. 35.) Pustilnik responded in opposition on April 14, 2026, (Dkt. 37), and Azimi replied on April 20, 2026, (Dkt. 38). On the same day, Azimi also filed a supplemental memorandum in support of his initial Rule 59(e) motion as well as a motion for leave to file a second amended complaint. (Pl.'s Suppl. Mem. and Mot. (Dkt. 39).) The proposed second amended complaint proceeds on similar grounds as the first amended complaint. (*See generally* Second Am. Compl. (Dkt. 39-1).) However, it seeks to add Pustilnik's employer, the Central Virginia Legal Aid Society, Inc. ("CVLAS"), as a defendant. (*Id.* at 3–4.) The proposed second complaint alleges that CVLAS participated in

the conspiracy to deprive Azimi of his civil rights and is liable for Pustilnik's conduct. (*Id.* at 8–10.) Azimi's motion also requests, in the alternative, relief from judgment under Rule 60(b).

## II. Standard of Review

### A. Rule 59(e) Motion to Alter or Amend the Judgment

"A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." *Id.* The rule "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (cleaned up). "Mere disagreement" with a court's ruling is not a proper basis for a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Without these constraints, "there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia*, 402 F.3d 430, 452–53 (4th Cir. 2005) (citation omitted).

### B. Rule 15(a) Motion for Leave to Amend

Along with his allegations of clear error, Azimi seeks to vacate the judgment under Rule 59(e) so he may file a second amended complaint. (Dkt. 39). Because Azimi also moves vacate the judgment "for the purpose of seeking leave to amend the complaint, a conclusion

that leave to amend should be granted is a sufficient basis to vacate a judgment." *Graham*, 2022 WL 4017459, at *3 (citing *Mayfield.*, 674 F.3d at 379; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)). "[A] motion to amend a complaint filed after a final judgment has been entered cannot be considered until the judgment has been vacated . . . . When the motion to vacate the judgment is made under Rule 59(e), the broad standard for allowing a court to grant the motion allows the court simply to turn to the standard applicable to the motion to amend." *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024) (citing *Laber*, 483 F.3d at 427–28).

A court should freely grant leave to amend when justice so requires, even where claims have been dismissed with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018); Fed. R. Civ. P. 15(a)(2). A court should deny a motion to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis omitted). Amendment is futile when "the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted). Thus, courts "are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

### C. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

The Rule 12(b)(6) standard tests the legal sufficiency of a complaint. *Edwards*, 178 F.3d at 243. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). But to avoid Rule 12(b)(6) dismissal, the plaintiff must allege more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" unsupported by "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). That said, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing*, 959 F.3d at 618.

## III. Analysis

### A. Motion to Alter or Amend the Judgment

The court first addresses Azimi's motion to alter or amend the judgment for clear error. Azimi argues that the court's March 24, 2026 opinion dismissing his amended complaint

constituted clear error and manifest injustice warranting reconsideration under Rule 59(e). (Dkt. 35 at 1.) The court finds Azimi's arguments unpersuasive.

Azimi alleges this court clearly erred in at least six ways. First, Azimi objects that the court discounted several of his factual allegations as conclusory. (Pl.'s Supp. Mem. at 2–3 (Dkt. 36).) The court's finding here was not a clear error of law. Instead, Azimi merely disagrees with the court's ruling. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Second, Azimi alleges that the court "fail[ed] to address concrete documentary evidence in the record." (Pl.'s Supp. Mem. at 4.) Azimi asserts that various documents attached to his complaint bolster his claims and contends that the court ignored this evidence. (*Id.* at 4–7.) The court carefully reviewed all evidence and has done so again now. None of it changes the court's conclusion that Azimi failed to plausibly allege state action under § 1983 or a conspiracy under § 1985(3) as a matter of law.

Third, Azimi contends that the court clearly erred by misapplying the state action doctrine. According to Azimi, the court should have found that Pustelnik was a state actor under *Dennis v. Sparks*, 449 U.S. 24 (1980); (*see* Pl.'s Supp. Mem. at 7.) But *Dennis* is inapposite. In *Dennis*, the private parties were involved in "a corrupt conspiracy involving bribery of the judge," 449 U.S. at 28, whereas Azimi did not allege bribery nor adequately plead "any facts that plausibly suggest a meeting of the minds between the private Defendants and the members of the judiciary." *Wiggins v. 11 Kew Garden Ct.*, 497 F. App'x 262, 264 (4th Cir. 2012).

Azimi contends that Pustilnik's "ex parte discussions and strategic planning" with a *guardian ad litem* and her alleged ex parte communications with a judge are sufficient to deem her a state actor. (Pl.'s Supp. Mem. at 8–9.) But none of these actions demonstrate a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Azimi merely rehashes arguments already rejected by the court. (*See* Mar. 24, 2026 Mem. Op. at 6–8.) Rule 59(e) "may not be used to relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (internal quotation omitted).

Fourth, Azimi argues that the court clearly erred by "appear[ing] to require more factual substantiation than Rule 12(b)(6) demands. (Pl.'s Supp. Mem. at 9.) Azimi contends that "[t]o the extent the [court's opinion] required Plaintiff to provide evidentiary proof rather than plausible factual allegations, it imposed too demanding a pleading burden." (*Id.*) But the court's opinion faithfully applied the Rule 12(b)(6) standard by rejecting conclusory statements while accepting well-pleaded factual allegations as true. *Iqbal*, 556 U.S. at 679.

Fifth, Azimi alleges that the court applied the wrong standard for § 1985(3) and ignored his evidence of discriminatory animus. (Pl.'s Supp. Mem. at 10.) "The law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Strickland v. United States*, 32 F.4th 311, 360–61 (4th Cir. 2022) (cleaned up) (affirming dismissal of § 1985(3) claim for failure to state a claim). The court applied this standard in its opinion and perceives no error in doing so. (*See* Mar. 24, 2026 Mem. Op. at 9–11.) And Azimi's allegations of religious

animus in his Rule 59(e) motion are no less speculative and conclusory than they were in his first amended complaint. (*See id.* at 11.)

Sixth, Azimi contends that the court failed to apply the liberal standard for reviewing *pro se* pleadings. (Pl.'s Supp. Mem. at 11.) While liberal construction allows courts to ignore certain formal deficiencies in filings by *pro se* parties, it "does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 446 (D.S.C. 2008) (citing *Weller*, 901 F.2d at 387).

Finally, Azimi argues that the court's prior decision constitutes manifest injustice. (Pl.'s Supp. Mem. at 12.) "For a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *Hartnett v. Hardenbergh*, 821 F. Supp. 3d 549, 556 (E.D. Va. 2026) (cleaned up). For the above reasons, Azimi simply has not met this exceptionally high standard. At bottom, Azimi's arguments amount to "[m]ere disagreement" with this court's prior ruling. *Hutchinson*, 994 F.2d at 1082. Accordingly, his motion to alter or amend the judgment for clear error will be denied.

**B. Motion for Leave to Amend**

Courts "are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap.*, 988 F.3d at 750. Applying this standard, the court will deny Azimi's motion for leave to amend as futile because his proposed second amended complaint fails to state a claim for which relief could be granted. And because amendment

would be futile under Rule 15(a), there is no basis to vacate the judgment under Rule 59(e). *See Daulatzai*, 97 F.4th at 178–79.

1. Azimi's proposed § 1983 claims are futile.

Azimi's proposed § 1983 claims against Pustilnik and CVLAS are futile because the proposed second amended complaint does not plausibly allege that either acted under color of state law.

"To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009). An individual cannot seek relief under § 1983 for actions or conduct by private citizens unless the private citizen has "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions" or "the state has so dominated such activity as to convert it into state action." *DeBauche*, 191 F.3d at 506–07. The Fourth Circuit has recognized "four exclusive circumstances under which a private party can be deemed to be a state actor:"

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*Id.* at 507. Supreme Court precedent "certainly does not stand for the proposition that all public and private joint activity subjects the private actors to the requirements of the Fourteenth Amendment." *Id.*

At the outset, Pustilnik is a private individual. As the court previously explained, "private attorneys—whether privately retained or court-appointed—do not, by representing a client, act under color of state law within the meaning of § 1983." (Mar. 24, 2026 Mem. Op. at 6.) And the proposed second amended complaint makes no new factual allegations regarding Pustilnik's alleged joint participation with state actors in a prohibited action; instead, it essentially relies on the same allegations of communication and undue influence with court staff, judges, and a state prosecutor. (*See* Second Am. Compl. at 5–11). As the court has already made clear, these alleged contacts do not amount to state action even if taken as true.

Nor do the new allegations regarding CVLAS demonstrate state action. CVLAS is a private nonprofit corporation, not a state entity, (Pl.'s Suppl. Mem. and Mot. at 6), and "a legal aid society ordinarily is not a state actor amenable to suit under § 1983." *Elmore v. Mecklenburg Cnty. Courthouse*, Civ. No. 3:23-cv-00036, 2023 WL 5539023, at *3 (W.D.N.C. Aug. 28, 2023) (internal quotation omitted); *see also Tyner v. Harford Cnty.*, Civ. No. 19-2529, 2021 WL 795167, at *6 (D. Md. Mar. 2, 2021) (dismissing § 1983 claim against legal aid bureau for lack of state action). Furthermore, Azimi's allegations of CVLAS's involvement are highly conclusory, based only on information and belief, and boil down to attributing Pustilnik's actions to CVLAS. (Second Am. Compl. at 8–10.) Since Pustilnik's conduct did not constitute state action to begin with, CVLAS's involvement in or ratification of her conduct is irrelevant.

In sum, the proposed second amended complaint merely recycles the same factual allegations from the first amended complaint. The proposed addition of CVLAS as a defendant and Azimi's conclusory allegations regarding CVLAS's participation in a conspiracy

do not cure the defects that were the basis of the court's prior dismissal of Azimi's § 1983 claims. (*See* Mar. 24, 2026 Mem. Op. at 6–8.)

2. Azimi's proposed section 1985(3) claim is futile.

"Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed" under § 1985. *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (cleaned up); *see also A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346–47 (4th Cir. 2011) (affirming dismissal of a § 1985(3) conspiracy claim because the plaintiff failed to specify "the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made"). "The plaintiff must show 'that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences.'" *Strickland*, 32 F.4th at 361 (quoting *Simmons v. Poe*, 47 F.3d 1370, 1378 (4th Cir. 1995)). "[U]nder that standard, [the Fourth Circuit] has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy" and has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (internal quotations omitted).

The proposed second amended complaint does not meet this standard. Azimi once again only points to allegations of parallel conduct among the individuals in his proposed second amended complaint and does not allege an actual agreement or plan among all the purported members of the conspiracy. (Second Am. Compl. at 16.) The religious divorce order, standing alone, does not demonstrate religious animus. Azimi does not allege facts

demonstrating that the state court's act was actually motivated by animus towards his religion, nor does he allege any facts that would support such an inference beyond the act itself. And the alleged favorable treatment of the mother of Azimi's children does not, by itself, demonstrate animus against men or fathers in general as a matter of law. Azimi's proposed second amended complaint does not state a claim for relief under § 1985(3).

3. Azimi's proposed state-law claims are futile.

Absent any surviving claims under federal law, the court would continue to exercise its discretion to decline supplemental jurisdiction over Azimi's state-law claims. (Second Am. Compl. at 17–19; *see* Mar. 24, 2026 Mem. Op. at 11–12.) "Generally, when a district court dismisses all federal claims in the early stages of litigation . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, 102 F. 4th 242, 251 (4th Cir. 2024) (cleaned up). All relevant factors continue to support dismissal, as Virginia state court remains the better forum for Azimi's state-law claims.

As none of Azimi's claims in the proposed second amended complaint can survive scrutiny under Rule 12(b)(6), amendment would be futile and leave to amend will be denied.

**C. Motion for Relief from the Judgment**

Finally, Azimi requests that the court construe his supplemental Rule 59(e) motion as a request motion for relief from the judgment under Rule 60(b). (Pl.'s Suppl. Mem. and Mot. at 4.) But Azimi's conclusory request does not explain which, if any, of the grounds for relief

in Rule 60(b) have been satisfied. To the extent that Azimi moves for Rule 60(b) relief, the court will deny that request.

## IV. Conclusion

For these reasons, the court **DENIES** Azimi's motion to alter or amend judgment under Rule 59(e), (Dkts. 35, 39), and **DENIES** Azimi's motion for leave to amend, (Dkt. 39). An appropriate Order will issue.

**ENTERED** this 19th day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE